LAW OFFICES OF GEORGE A. GALLEGOS
GEORGE A. GALLEGOS CA State Bar No. 206606
328 S. Atlantic Blvd., Suite 200
Monterey Park, California 91754
T: (626) 576-8988 │ F: (626) 576-7070
E: george@gallegoslawfirm.com

Attorney for Defendants
NEW CHAMPION PROMOTIONS, LLC and
JESSE RODRIGUEZ

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY CRUZ GOMEZ,<br><br>        Plaintiff,<br><br>   vs.<br><br>NEW CHAMPION PROMOTIONS LLC, JESSE RODRIGUEZ, MATCHROOM BOXING USA, LLC; and DOES 1-25,<br><br>        Defendants.<br>_____<br><br> And Related Cross-Actions | Case No. 3:23-cv-06608-WHO<br><br>**NEW CHAMPION LLC'S FIRST AMENDED CROSS-COMPLAINT AGAINST ANDY CRUZ GOMEZ FOR**<br><br>1. **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>2. **UNJUST ENRICHMENT**<br><br>3. **DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant New Champion Promotions, LLC (hereinafter "NCP") hereby alleges and complains against Plaintiff Andy Cruz Gomez (hereinafter "Cruz") as follows:

## INTRODUCTION

1. NCP is and has been a boxing promoter since 2018 and has promoted and/or co-promoted over 15 events, including a Pay Per View World Championship event. Among the champions NCP has promoted are former WBC Cruiserweight Champion Juan Carlos Gomez and 3 weight class world champion, Yuriorkis Gamboa.

2. In November 2022, NCP and Plaintiff Andy Cruz signed a boxing promotional agreement entitled Acuerdo Promocional Exclusivo whereby Plaintiff Cruz assigned NCP all of his exclusive boxing promotional rights. After the agreement was signed, NCP spoke to the top boxing promoters in the world to discuss co-promoting Cruz' bouts in order to provide a bigger stage and more money for both Cruz and NCP.

3. In May 2023, NCP and global boxing promoter Matchroom executed a co-promotion agreement whereby NCP and Matchroom agreed to co-promote Plaintiff Cruz' boxing career.

4. In the present action, Plaintiff Cruz is now attempting to improperly cut NCP out of the agreement, after NCP helped secure the agreement, in order to obtain more money for himself.

## PARTIES

5. NCP is a Nevada limited liability company.

6. Andy Cruz Gomez is an individual and resident of Florida.

7. Matchroom is a limited liability company incorporated and registered in the state of Delaware.

8. NCP does not know the true names and capacities of Cross-Defendants sued as DOES 1-25, and therefore sues said Cross-Defendants under their fictious

1  names. NCP will seek leave to amend this Cross-Complaint when the true names
2  and capacities of these Cross-Defendants have been ascertained.

3      9.    At all times mentioned herein, Cruz, Matchroom and/or DOES were
4  agents, principals, representatives, alter egos and/or employees of the others and
5  each was at all times acting within the course and scope of said agency,
6  representation and/or employment and with the permission of the others.

## JURISDICTION

8      10.    This Court has jurisdiction pursuant to Fed. R. Civ. P. 13(g) as NCP's
9  claims against Cruz arise out of the same transaction or occurrence that is the
10  subject matter of Plaintiff's Complaint.

## ALLEGATIONS

12      11.    In October 2022, NCP was contacted by Plaintiff Cruz' management
13  team inquiring about NCP's interest in signing Cruz to a boxing promotional
14  contract. Cruz' management team informed NCP that it had tried to sign Cruz to
15  various U.S. boxing promoters, however none were interested.

16      12.    NCP explained its background in boxing promotions, which included
17  the previous promotion of Cuban previous WBC Cruiserweight champion, Juan
18  Carlos Gomez as well as three-time world champion, Yuriorkis Gamboa. NCP
19  informed Plaintiff's management team that it was willing to sign Plaintiff to a
20  promotional contract. After signing such promotional agreement, NCP informed
21  Cruz' manager that it would search for a major boxing promoter to co-promote
22  Cruz' fights, but if none were interested it would still provide Cruz a minimum
23  number of fights per year with a minimum purse of $25,000 per bout to build him
24  up until a major promoter was interested in co-promoting Cruz whereby both Cruz
25  and NCP would make more money on a bigger stage.

26      13.    In November 2022, NCP met with Plaintiff Andy Cruz, Cruz'
27  managers, and an attorney to explain the plan NCP had previously discussed with
28  Cruz' manager. Cruz was in agreement and signed a boxing promotional

agreement entitled Acuerdo Promocional Exclusivo whereby Plaintiff assigned NCP all of his exclusive boxing promotional rights, in exchange for, among other things, NCP's guarantee of offering Plaintiff a minimum number of bouts per year, as well as the payment of a guaranteed minimum fee of $25,000 for each bout.

14. After the signing of the Acuerdo Promocional Exclusivo, NCP contacted the principals of the top boxing promoters in the world, including Top Rank, Premier Boxing Champions, Golden Boy Promotions and Matchroom to discuss the possibility of co-promoting Cruz' bouts in order to provide Cruz a bigger stage and for both parties to make more money.

15. In February 2023, NCP, as Plaintiff's boxing promoter, paid for Plaintiff's visa to come to the United States and begin his professional boxing career.

16. NCP offer to co-promote Cruz was rejected by all of the major boxing promoters, with the exception of Matchroom.

17. In the boxing industry, it is common for a local promoter to co-promote its boxer with a larger major promoter like Matchroom. In such a scenario, the major promoter pays the smaller local promoter a promoter fee for each bout and the local promoter pays the fighter a purse from this fee. Typically, a fighter is unaware of the amount paid from the major promoter to the boxer's local promoter and is unaware of the exact amount retained by such local promoter.

18. In order to be transparent, unlike other local boxing promoters, NCP decided to share with Cruz the exact amount of Matchroom's payments to NCP in the first year so Cruz would know exactly the total payment being paid to NCP for Cruz' services and how much both he and NCP would receive. NCP explained to Cruz and his management team that for the first year, Cruz would receive 75% of the co-promoter fee as his purse for each of his fights in the first year, as well as 75% of any signing bonus. After the first year of the agreement, NCP and Cruz would then negotiate Cruz' purse from the fee received by NCP from Matchroom

on a fight-by-fight basis. At all times, Cruz and his management team were informed and aware that NCP would receive a co-promoter fee from Matchroom for each bout and that from that fee, Cruz would be a paid a purse with the balance retained by NCP.

19. On May 4, 2023, NCP and Matchroom executed a Boxing Co-Promotion Agreement whereby NCP assigned Matchroom the right to co-promote Plaintiff Cruz' boxing bouts in exchange for the payment to NCP for Plaintiff's services. NCP would then pay Cruz' fight purse for each bout from the fee, maintaining a portion of the co-promoter fee for each bout and any bonus.

20. Cruz' first bout occurred on July 15, 2023, and was a success as Matchroom's chairman declared Plaintiff "an unbelievable talent" who would fight for a world championship after 4-5 fights. For this bout, Matchroom paid NCP the agreed upon contract fee of $125,000 from which NCP paid Cruz his agreed upon purse and NCP retained the balance. At no time did Cruz object to this arrangement, but rather agreed to the purse paid to him by NCP with full knowledge of the full amount paid to NCP by Matchroom.

21. Prior to Plaintiff's second bout on December 9, 2023, upon information and belief, Cruz and Matchroom began to have private conversations regarding, among other things, Plaintiff Cruz' desire to cut NCP out of the promotional contract and take full payment of all monies that were to be paid to NCP, thereby depriving NCP from receiving any monies from its assignment of Cruz' boxing services. In addition, upon information and belief, Cruz insisted that Matchroom cease discussing Cruz' career with NCP and cease providing NCP any co-promoter privileges for any of his fights.

22. At Plaintiff's subsequent bouts on December 9, 2023, and February 24, 2024, Matchroom suddenly and unexpectedly denied NCP, per Cruz' request, its co-promoter's privileges by denying it access to the press conference stage, weigh

1  in stage and in ring access.  Per Cruz' instructions, Matchroom also stopped
2  discussing Cruz' career with NCP.

3    23.  Beginning in December 2023, Cruz began to accuse NCP of stealing
4  his money and continued to insist Matchroom not honor its contractual obligations
5  of paying NCP the agreed upon contract fees.  As a result of Cruz' claim,
6  Matchroom willfully refused to pay NCP the full agreed upon fee, pursuant to the
7  Boxing Promotional Agreement, for Cruz' third bout on February 24, 2024.  In
8  addition, per Cruz' instructions, Matchroom refused to provide NCP any of its co-
9  promotional perks for each of Plaintiff's bouts.

10   24.  Since Cruz' third bout on February 24, 2024, Matchroom has refused
11  to pay NCP any monies pursuant to the Agreement, nor discuss any aspect of Cruz'
12  career, effectively cutting NCP out of the Agreement, per Cruz' instructions.

## FIRST CAUSE OF ACTION
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
## BY NCP AGAINST ANDY CRUZ AND DOES 1-25

17   25.  NCP incorporates by reference as if fully set forth herein each of the
18  preceding allegations.

19   26.  In May 2023, the Parties executed a Boxing Promotion Agreement
20  whereby NCP assigned Matchroom the right to co-promote Plaintiff Cruz' boxing
21  bouts, which created an implied promise of good faith and fair dealing that each
22  party would not do anything to unfairly interfere with the right of any other party.

23   27.  Since the execution of the Agreement, NCP has done all of the things
24  required by the Agreement.

25   28.  Despite NCP's performance under the Agreement, Cruz has instructed
26  Matchroom not to pay NCP any monies owed pursuant to the Agreement and has
27  insisted that NCP be denied any involvement in his boxing career.  Despite express
28  contractual obligations to the contrary, Matchroom has followed Cruz' instructions

and interfered with NCP's rights to receive the benefits of the Agreement by refusing to pay NCP any monies, thereby depriving NCP of receiving payment from Matchroom and collecting a fee from each payment.

29. As a result of the foregoing, Cruz has not acted fairly and in good faith towards NCP, and as a result NCP has suffered damages in the amount of over $75,000.

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT
## BY NCP AGAINST ANDY CRUZ AND DOES 1-25

30. NCP incorporates by reference as if fully set forth herein each of the preceding allegations.

31. In May 2023, NCP, Cruz and Matchroom executed a Boxing Promotion Agreement whereby NCP assigned Matchroom the right to co-promote Plaintiff Cruz' boxing bouts. Cruz has received the promotional services of a major boxing promoter which has provided him a global platform, as well as receive lucrative fight purses.

32. NCP has performed its obligations of the Agreement, however, as a result of Cruz' actions, NCP has been harmed by Matchroom's failure to pay NCP the monies owed under the Agreement and to receive any monies for its efforts in securing a lucrative promotional contract for itself and Cruz.

33. Whereas Cruz has been unjustly enriched and received the benefit of the Agreement by fighting for Matchroom and receiving lucrative purses, NCP, has not received, nor will receive the benefit of the Agreement and its efforts as Cruz has instructed Matchroom not to pay NCP.

34. It would be unfair for Cruz to keep the benefits of the Agreement without NCP being compensated a proportionate amount.

35. NCP requests proper restitution.

## THIRD CAUSE OF ACTION
## DECLARATORY RELIEF
## BY NCP AGAINST ANDY CRUZ AND DOES 1-25

36. NCP incorporates by reference as if fully set forth herein each of the preceding allegations.

37. An actual controversy has arisen and now exists between the parties regarding their rights and obligations under the Agreement.

38. NCP seeks a judicial determination as to the legal rights and duties of the parties, including the validity of the Agreement and the respective rights of the parties.

39. A judicial determination of the parties' rights is necessary and appropriate to ensure the parties comply with their legal and contractual obligations.

## PRAYER

**WHEREFORE,** Defendant and Cross-Claimant NCP respectfully requests and prays for relief as follows:

1. For compensatory damages according to proof;
2. For punitive damages according to proof;
3. For attorneys' fees according to proof;
4. For costs of suit;
5. For judicial determinations, including but not limited to, the Agreement is void for lack of consideration and/or the rights and obligations of the parties;
6. For such other and further relief as the Court deems just and proper.

Dated: November 6, 2024                    Law Offices of George A. Gallegos

By: /s/ George A. Gallegos
George A. Gallegos
Attorney for Defendants
New Champion Promotions, LLC and
Jesse Rodriguez

### **DEMAND FOR JURY TRIAL**

Defendant/Cross-Claimant New Champion Promotions respectfully demands a trial by jury in this action pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Civil L.R. 3-6(a).

Dated: November 6, 2024                    Law Offices of George A. Gallegos

By: /s/ George A. Gallegos
George A. Gallegos
Attorney for Defendants
New Champion Promotions, LLC and
Jesse Rodriguez